JOSEPH J. YOUNG, ADMINISTRATOR, APPELLEE, v. MARION G. ROHRBOUGH ET AL.; COMMERCIAL BUILDING COMPANY, APPELLANT.

FILED MARCH 10, 1910. No. 15,690.

Trial: VERDICT. Where all of the defendants are by the court's instructions placed in the same relation with respect to plaintiff, a verdict in favor of two defendants and against another, based upon conflicting evidence which is the same as to all of the defendants, will not be permitted to stand.

REHEARING of case reported in 84 Neb. 448. *Former judgment vacated and judgment of district court reversed.*

ROOT, J.

An oral argument has been made by counsel for both parties on defendant's application for a rehearing. Being more fully advised, we conclude that our judgment should be for the defendant Commercial Building Company. The statement of facts in our first opinion is correct, but will be repeated.

The building in question was constructed by the Rohrbough brothers, Marion G. and George A. The evidence tends to prove that the first and second stories of the structure were constructed for college and office purposes, the third story was designed for lodge and public assembly rooms, and the fourth story for a gymnasium. After the building was completed the Rohrboughs rented

the third story to a Mr. Baright "to be used for lodge, society, church and other gatherings except public dances, also for office purposes." The room where Mrs. Young was injured was constructed for lodge purposes, and was sublet by Baright to a Ben-Hur lodge, of which she was a member. Subsequently the Rohrboughs conveyed the lots and building to the defendant Commercial Building Company, a corporation. We infer, although the evidence is not clear upon that point, that after the last named lease was executed the Commercial Building Company rented the attic, or fourth story, to the Y. M. C. A. The Rohrboughs and C. C. Shimer own all of the stock of the defendant corporation, and constitute its board of directors, but the evidence does not show that any one other than the Rohrboughs attended to the business of the corporation. The room under consideration is in the southwest corner of the building. The fourth floor and the roof of the structure are supported by a series of trusses running east and west. In constructing the east partition of said lodge room, a truss was built north and south in the line of the partition to sustain part of the third floor. One end of the truss was anchored in the south wall of the building, and the north end was supported by a stirrup attached to the lower cord of one of the east and west trusses sustaining the fourth floor and the roof. Studding were placed within, and flush with, the frame of the north and south truss, and laths were fastened across the studding and the truss, so that there was no chance for the plastering to clinch at the points where the laths crossed the surface of the truss.

Plaintiff alleges the building was negligently constructed in many particulars with reference to the plan adopted, the material used, the construction and support of the trusses, and the manner in which the east wall of said room was lathed and plastered. Plaintiff further charges that the fourth story of said building was not constructed, and should not have been used, for a gymnasium; that, when the patrons of the gym-

nasium exercised therein, the building vibrated so as to loosen and eventually dislodge the plastering upon the walls of said room; that the defendants, with knowledge of the facts, negligently permitted the building to be used as aforesaid, and as a proximate result a quantity of plastering was detached from the east wall of said room and precipitated upon Mrs. Young to her fatal injury.

The court by its sixth instruction informed the jury that if the defendants Rohrbough negligently constructed the building in question, as charged by plaintiff, so that it was dangerous to life or limb of those who might reasonably be expected to occupy it, and such negligence was the proximate cause of Mrs. Young's death, the jury should find against the Rohrboughs, notwithstanding they had transferred the property before the woman was injured; that the Rohrboughs in this particular should be charged with such knowledge as they had or should have acquired "by the exercise of such care and prudence in the construction of the building and the uses to which it was put as an ordinary, prudent person would have gained under like circumstances and conditions." In the eighth instruction the jury were further told that if the Rohrboughs as directors of the building company knew, or by the exercise of ordinary prudence ought to have known, the building was in a dangerous and defective condition for the purposes to which it was devoted, and Mrs. Young was injured as a proximate cause of the negligence charged in the petition, they were liable. The court also stated in this instruction: "The said defendants would be charged with such knowledge as they actually had, or should have gained by the exercise of such care and prudence in the maintenance of the building, and the uses to which it was put, as an ordinary, prudent person would have gained under like circumstances and conditions." Upon these instructions the jury found for the Rohrboughs, judgment was rendered in their favor, and no appeal has been prosecuted

therefrom. The law of the case respecting the corporation's liability is stated in the court's seventh instruction as follows: "With respect to the liability, if any, of the Commercial Building Company, you are instructed that if you believe from the preponderance of the evidence that said building company knew of the defective construction 'of the building with respect to the matters complained of in the petition, or that by the exercise of such care as an ordinary, prudent person would have exercised under the same circumstances, would have known of such defective construction, and knowingly maintained the same, and if you further believe that said building, with respect to the matters complained of, was a menace to life or limb of persons rightfully upon the premises, and if you further find that the plaintiff has established the essential elements necessary to make a case as set out in instruction No. 5, then you should find against the defendant, the Commercial Building Company. * * * Upon the question of the knowledge of the said building company, you are instructed that said building company would be bound by such knowledge as was possessed by its directors or managers, or either of them."

The evidence tends to prove that the use of the gymnasium caused the ceiling of the lodge room and the building itself to shake and vibrate, and that complaint was made to Marion G. Rohrbough that the noise created by the use of the gymnasium was obnoxious to the members of the lodge and interfered with the transaction of their business, but there is not a scintilla of evidence that anything was said to the directors of the corporation, or any agent thereof, about the vibrations or the effect of the gymnastic exercises upon the building, or that any agent or representative of the corporation had knowledge of those facts. The directors deny emphatically they had any notice or information that the plastering upon the east wall of the lodge room was in any manner defective. The verdict upon the instructions submitted

amounts to a finding that the Rohrboughs were not negligent in constructing the building, did not as directors devote it to an improper use, and in the exercise of ordinary care could not have ascertained that the building was defective or dangerous to persons rightfully within the structure. Upon the same evidence the jury has said the corporation defendant is liable, although under the instructions that liability must be established by the knowledge those directors had, or in the exercise of reasonable prudence ought to have acquired, concerning the alleged dangerous conditions either inhering in the building by reason of its construction, or created by the alleged improper use to which it was devoted, its construction being considered.

We adhere to the statement made in our former opinion that the Rohrboughs, in constructing the building, did not act as agents of the defendant corporation, and that it will not be heard to complain because the court may have held the defendants Rohrbough to a stricter account than the law will justify. We think, however, we did not give sufficient weight to the verdict in favor of the Rohrboughs, in the light of the issues presented by the instructions. By the seventh instruction the jury were informed the corporation would be bound by such knowledge as its directors or managers, or either of them, possessed, and by the eighth instruction they were told the Rohrboughs should be charged, in case of negligence, with such knowledge as they had, or as an ordinarily prudent person would have acquired under the circumstances of this case. Notwithstanding the jury have found all of those facts in favor of the Rohrboughs, by that same verdict they say, for the purposes of the corporation, that the Rohrboughs did construct an unsafe building, or they as directors did devote it to an improper use, or by the exercise of reasonable prudence they could have anticipated and prevented the injury to Mrs. Young. Upon mature reflection we think the case of *Gerner v. Yates*, 61 Neb. 100, is in point. It is true that in the

cited case the liability of all of the defendants was joint,
and that as a matter of law the liability of all of the de-
fendants in the instant case, if any exists, is not neces-
sarily joint; but it is also true that, upon the instructions
given the jury, the liability of the corporation and the
liability of its directors, the Rohrboughs, was placed
upon the same state of facts. The verdict in the one case
as in the other is inconsistent with itself, and finds, in
effect, that the allegations of the petition are both true
and false. It ought not to be, and will not be, accepted
to sustain a judgment against the corporation defendant.

It is argued that the corporation may be held by reason
of the knowledge possessed by the director Shimer, be-
cause he was a member of the firm of contractors that
constructed the building, and may have acquired, and
probably did gain, knowledge of the alleged defective
condition of the building, and that knowledge should be
imputed to the corporation defendant. The jury, how-
ever, say the building was not improperly constructed,
so Shimer could not have knowledge of a condition that
did not exist. Concerning the alleged improper use to
which the building was devoted, the court informed the
jury that, if the Rohrboughs in reason could have ascer-
tained any of the facts concerning which plaintiff com-
plains, these directors should be held, and the jury by
their verdict say no reasonably prudent man could have
ascertained those facts. There is not a scintilla of evi-
dence that Shimer had anything to do with renting the
building, or any part thereof; that he was ever informed
or knew that the east wall of the room in question was
defective, or that the use of the fourth floor for a gym-
nasium caused any part of the building to vibrate. We
do not think, under the instructions of the court, the
possibility that Shimer may have known some facts es-
sential to charge the corporation can be accepted to sus-
tain the verdict.

It is also suggested that the corporation is liable for its
directors' negligent failure to act, whereas they can only

be held for acts of misfeasance, and the general verdict against the corporation can be sustained upon the theory that the jury found that defendant was liable for its agent's negligent failure to act. We do not take issue with plaintiff's statement of the law relative to a corporation's liability and its agent's non-liability for the latter's failure to act. The principle, however, cannot be successfully invoked in the instant case by plaintiff, because it was ignored by the district court, and the jury were required, as a condition precedent to finding the corporation liable, to find facts making it their duty to also find against the Rohrboughs. What has been said concerning the effect of the verdict returned relates solely to the trial at which it was rendered, and not to the force that shall be given it in future trials of this case.

For the reasons above stated, our former judgment of affirmance is set aside, the judgment of the district court reversed as to the defendant Commercial Building Company, and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

REESE, C. J., dissents for the reasons stated in the original opinion.