Young v. Rohrbough.

---

JOSEPH J. YOUNG, ADMINISTRATOR, APPELLANT, V. MARION G. ROHRBOUGH ET AL.; COMMERCIAL BUILDING COMPANY, APPELLEE.

FILED DECEMBER 10, 1910.   No. 16,726.

1. Landlord and Tenant: REPAIRS. Unless the landlord has agreed with his tenant to repair the demised premises, he is not liable to the tenant for failure to make such repairs.

2. Judgment: RES JUDICATA. If the directors of a corporation own a majority of its shares of stock, and have complete control and actual personal supervision of its affairs and assets, a judgment on the merits in their favor in an action for their alleged negligence in leasing part of a building owned by the corporation for a use that created an unusual hazard and resulted in serious injury to a tenant occupying another part of said building, and with negligently failing to repair said building, is a bar to an action against the corporation predicated upon the identical facts charged in the suit against the directors.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Herbert A. Whipple* and *Nelson C. Pratt,* for appellant.

*Benjamin S. Baker, contra.*

ROOT, J.

This is the second appeal of this case. A statement of the pleadings and the facts may be found in our former opinions, reported in 84 Neb. 448, and 86 Neb. 279. After the case was reversed the defendant corporation pleaded the proceedings in the district court leading up to and including the judgment in favor of the Rohrboughs as a bar to a further prosecution of this suit. The plaintiff, in an amended reply, admitted the existence of the judgment and proceedings, but denied that he was concluded thereby. The district court sustained an objection to the introduction of any evidence. The motion should not have been sustained, but we shall treat it as a motion for a judgment upon the pleadings.

It will be remembered that the defendants Rohrbough, after constructiong the building in question, leased one story thereof to Baright, who sublet a suite of the rooms to a subordinate lodge of the Ben Hur order. Subsequently the Rohrboughs conveyed the building to the defendant Commercial Building Company, a corporation; but at all times they have owned an overwhelming majority of the corporate stock and constitute a majority of the board of directors. Thereafter the corporation leased the rooms immediately above the lodge rooms to the Young Men's Christian Association for gymnasium purposes. The plaintiff's intestate was injured by plastering falling from the wall of one of the lodge rooms. The pleader alleges that the building was negligently and improperly constructed and maintained, and that the upper story should not have been used for a gymnasium. Upon

the first trial of the case the evidence was identical as to all of the defendants with respect to the transaction complained of, subsequent to the transfer of the building to the corporation, and the district court made no distinction between the several defendants' liability. The jury found in favor of the Rohrboughs and against the corporation, and it appealed.

The principle of law controlling our former decision is stated in the syllabus of the opinion, reported in 86 Neb. 279 *et seq.*: "Where all of the defendants are by the court's instructions placed in the same relation with respect to plaintiff, a verdict in favor of two defendants and against another, based upon conflicting evidence which is the same as to all of the defendants, will not be permitted to stand." Counsel for the several litigants severally invoke the doctrine of the law of the case, but we find nothing in our opinions to interfere with the application of well-established principles of law to the facts in this suit. We did say: "What has been said concerning the effect of the verdict rendered relates solely to the trial at which it was rendered, and not to the force that shall be given it in future trials of this case." It seems reasonably plain that we thereby merely warned counsel that, should the defendant corporation not amend its answer so as to present in bar the judgment in the Rohrboughs' favor, the verdict in favor of those individuals would be immaterial in a future trial of the case. Whether that judgment would be a defense for the corporation, if properly pleaded, was not within the issues presented upon the former appeal, and was not determined.

Likewise with respect to the argument that a corporation might be liable for its agent's nonfeasance and the agent not liable, we stated that we did not take issue with the plaintiff's counsel. We did not approve or reject the doctrine announced in the argument and briefs, because the application of that principle was not involved in the judgment of reversal. The Rohrboughs were not

made parties to the first appeal to this court, and the judgment of reversal did not vacate the judgment of the district court in their favor. Upon the corporation's plea in bar based upon their codefendants' acquittal, the plaintiff was placed in the same situation as though he had prosecuted a separate suit against the Rohrboughs upon a petition containing all of the allegations set forth in the petition upon which all the parties first went to trial, and a judgment had been rendered in the Rohrboughs' favor, upon their answer in the nature of a general denial.

The precise question before the district court at the last trial was whether a judgment on the merits, acquitting the Rohrboughs of all negligence in discharging the duty imposed on them by law with respect to the plaintiff's intestate, is a bar to a suit against their principal for an alleged failure to perform that identical duty. Counsel for the plaintiff do not argue that they may further pursue the corporation for the alleged negligent construction of the building; but they contend that, since the building in question was constructed and rented for the use of the public, the law imposed upon the corporation a duty to exercise reasonable diligence to maintain that building in a reasonably safe condition for such use, but that the failure of its agents, the Rohrboughs, to perform those duties was a nonfeasance, for which no action would lie against them. The plaintiff does not contend, nor does it appear, that the lessor in any of the leases under consideration agreed to repair the demised premises. The landlord, therefore, was not obliged to make such repairs. *Turner v. Townsend,* 42 Neb. 376; *Murphey v. Illinois Trust & Savings Bank,* 57 Neb. 519. It is doubtless true that a landlord, after having leased a part of his building to one tenant, may not lease other parts of that structure to another person, to be used for a purpose that will endanger the health or life of his tenants while occupying the premises first leased; and if he negligently does so, and the tenants first referred to are injured in

health or body as a proximate result of the forces thus negligently set in motion by their landlord, he may be held liable. And, further, if the landlord leases the building knowing that his lessee will devote it to a use that amounts to a general invitation to the public to come upon the premises temporarily in the pursuit of business or of pleasure, he may not negligently so use, or authorize other persons to use, other parts of the building that those individuals will be subjected to an unusual hazard with respect to life or limb. So it may safely be assumed that if the upper story of the building in controversy could not be used for a gymnasium without danger to the persons rightfully in the rooms beneath, and as a result of that use an injury was inflicted upon some person in the lower rooms, as a matter of right the corporation would be liable therefor.

It should be kept in mind in the instant case that, if there was any negligence in renting the upper story of the corporation's building to the Young Men's Christian Association to be used as a gymnasium, that negligence was occasioned solely through the agency of the Rohrboughs, and if we assume that it was the duty of the landlord to perform any act to ameliorate the conditions made possible by the contract of lease, that duty could only be performed by the corporation through its sole agents, the Rohrboughs. This is not a case where the will and intelligence of a principal directs and controls an agent; but the corporation could conceive no thought nor give any instructions or orders except by the direction of its directors, the practical owners of the corporation and of its assets. In the suit against the Rohrboughs it would have been no defense to urge that they acted as agents for their principal, and therefore were not guilty. As responsible members of society they may not, whether acting for themselves or for another, negligently create a condition pregnant with danger to other members of that society, and escape liability therefor. Nor would they be permitted, while controlling their inanimate principal's

funds and affairs, to negligently fail to perform any duty that principal owed to a third person, and evade responsibility for an injury the proximate result of that negligence. The corporation in the instant case is liable, if liable at all, because the act was performed in furtherance of its business. *Ellis v. McNaughton*, 76 Mich. 237; *Baird v. Shipman*, 132 Ill. 16; *Mayer v. Thompson-Hutchison Building Co.*, 104 Ala. 611.

It now appears by the solemn judgment of the district court, after a trial upon the merits, that the Rohrboughs · were not guilty of negligence with respect to any of the matters charged in the petition. The case cannot be considered as one where joint tortfeasors engaged in wrongdoing to the injury of some other person. In that event every person thus engaged must answer as though he alone had committed the tort; but in cases like the one at bar, if the injured person pursues the principal for the negligence of the agent, a prior judgment on the merits in favor of the agent upon the precise issue later urged against the principal, where it could only act or fail to act through that agent, is a bar to a recovery against either. *Chicago, St. P., M. & O. R. Co. v. McManigal*, 73 Neb. 580; *Rathjen v. Chicago, B. & Q. R. Co.*, 85 Neb. 808; *Doremus v. Root*, 23 Wash. 710, 54 L. R. A. 649; *McGinnis v. Chicago, R. I. & P. R. Co.*, 200 Mo. 347, 9 L. R. A. n. s. 880; *Lake Shore & M. S. R. Co. v. Goldberg*, 2 Ill. App. 228; *Stevick v. Northern P. R. Co.*, 39 Wash. 501.

The judgment of the district court, therefore, is right, and is

AFFIRMED.