JACK FLEISHMAN, APPELLEE, V. VERNON L. ARMSTRONG, APPELLANT: MERLE L. ARMSTRONG, INTERVENER, APPELLANT.

FILED JULY 3, 1933. No. 28584.

*H. E. Kuppinger,* for appellants.

*Jack Marer, contra.*

Heard before Goss, C. J., Good, Eberly, Day and Paine, JJ., and Chase and Lovel S. Hastings, District Judges.

Day, J.

Plaintiff brought suit to enjoin the defendant from interfering with him in the operation of the business known as the Crystal Cleaners. The wife of defendant filed a petition of intervention, alleging that the Crystal Cleaners was a partnership formed by her husband, the defendant, and plaintiff's father, and her husband had transferred his interest to her and plaintiff had succeeded his father and that she and plaintiff were then partners. The intervener also alleged that she was doing a wholesale cleaning business and had done work for the Crystal Cleaners, for which she asked compensation as well as an accounting of the partnership business and property. The defendant in his answer alleged that he had no interest in the Crystal Cleaners, since he had transferred his interest to the intervener.

The trial court found generally in favor of the plaintiff and granted the relief requested and found in favor of the intervener and against the plaintiff for the amount due the intervener for wholesale cleaning. From the decree, the defendant and the intervener appeal.

This case arose out of a partnership originally formed by B. Fleishman and defendant, Vernon L. Armstrong. Jack Fleishman succeeded to the interest of B. Fleishman, his father. Armstrong signed an agreement to transfer his interest in the partnership to Jack Fleishman. It is now contended by Armstrong and his wife, the intervener herein, that he previously transferred his interest to his

wife. This suit was filed as a result of the activities of the defendant, Vernon L. Armstrong, in connection with the business. About January 5, 1932, the parties divided the profits and defendant signed an agreement to sell his interest in the partnership to Jack Fleishman. The defendant now asserts that at this time he had nothing to sell, since he had previously, in November, transferred his interest to his wife. However, the defendant did, after January 5, 1932, visit the place of business and interfere with plaintiff and his management of such business. As an example, defendant went into the place of business and took clothes to his wife's cleaning plant and then did not return them until forced to do so, to the detriment and inconvenience of plaintiff and his customers. He denies this in his answer but admits it in his testimony. In his testimony, he justifies it by the fact that he was still a partner, although he also testified that his wife was the partner. We reach the conclusion from the answer and his testimony, inconsistent as it is, that defendant was not a partner. He had transferred his interest either to his wife or to plaintiff. His interference was unwarranted unless as agent for his wife, the intervener, which was suggested by his attorney in the oral argument before the court, although neither the pleading nor evidence of the defendant suggests justification of his conduct on this ground.

Merle L. Armstrong, wife of defendant, Vernon L. Armstrong, the intervener, alleged that she had succeeded to the interest of her husband and was a partner in the Crystal Cleaners and asked for an accounting. She also alleged that she ran the Leavenworth Cleaners and under this trade-name did wholesale cleaning, that she did cleaning for the Crystal Cleaners, which was worth $97.95. Judgment for this amount was by the decree rendered against plaintiff in favor of intervener. The intervener, thereafter, caused execution to issue and collected the amount of this judgment. This was a part of the

decree in her favor and she appealed from only the part of the decree unfavorable. But the whole decree, including this judgment, was based upon the finding that there was no partnership between the plaintiff and the intervener. The intervener, by the enforcement of the personal judgment against Jack Fleishman and by acceptance thereof, cannot now urge in this court that the finding of the trial court was in error, since to do so would be inconsistent with her action as a judgment creditor. For this court to find that a partnership existed upon the same evidence upon which a judgment was rendered upon the theory that a partnership did not exist would be inconsistent. One who enforces a judgment rendered by trial court, which is a part of a decree favorable to him, cannot urge a reversal of another part of decree unfavorable, where to do so might result in inconsistent findings on the same evidence. *McKee v. Goodrich*, 84 Neb. 479; *Male v. Harlan*, 12 S. Dak. 627. One cannot enforce and collect by execution a portion of an indivisible decree and prosecute an appeal as to portions unfavorable to him. 3 C. J. 679. This principle finds support in *Young v. Rohrbough*, 86 Neb. 279; *Mansfield v. Farmers State Bank*, 112 Neb. 583; *Chicago, St. P., M. & O. R. Co. v. McManigal*, 73 Neb. 580.

Since the intervener is foreclosed to assert in this court her contention that she was a partner of plaintiff, it necessarily follows that the conduct of the defendant cannot be justified upon the ground that he was acting as the agent of intervener. Accordingly, the judgment is

AFFIRMED.