[No. 4880.]

CRIPPEN v. GLASGOW.

**Water and Water Rights—Change of Point of Diversion—Proceeding—Parties Affected.**

In a proceeding by the owner of a water right under chapter 124, Sess. Laws 1903, to change his point of diversion to a place higher up the stream, the owner of lands below the original intake cannot object to such change on the ground that the owners of lands between the old and new points of diversion have been injuriously affected thereby.—P. 106.

*Appeal from the District Court of Saguache County. Hon. Chas. C. Holbrook, Judge.*

Proceedings by David E. Glasgow to change the point of diversion of his right to the use of the water from a creek to a place higher up the stream, to which J. J. Crippen filed objections. From a decree in favor of petitioner, Crippen appeals.    *Affirmed.*

Messrs. HODGES, ARISON & HODGES, for appellant.

Mr. JOHN I. PALMER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is a special proceeding under the act of 1903 (Session Laws 1903, 258), having for its object a change, to a place higher up the natural stream, of the point of diversion of the petitioner's right to the use of water from San Luis creek, in water district No. 25. The substantive part of this act recognizes, and gives legislative sanction to, the right which theretofore existed of changing the point of diversion, if the rights of other appropriators are not injuriously affected. The exclusive method, or remedy, for enforcing the right, is therein prescribed. If it appears, upon hearing of the application, that no injury has been done, the change may be made; otherwise not.

Due notice of the application was given, as required by the act, and, of those affected by the proposed change, some appeared and filed their protest. Some of the protestants own lands irrigated from the same stream, situate between the present and the proposed point of diversion, while appellant's lands are below the present headgate of the ditch through which petitioner's appropriation is enjoyed.

At the hearing, and on evidence somewhat conflicting, the court found that nobody would be injuriously affected by the change, and, upon such finding, entered a decree permitting the same to be made. Of the parties supposed to be affected, all of whom are junior appropriators, only appellant has appealed. He insists that the great preponderance of the evidence shows that he will be injuriously affected if the decree stands. Of the protestants, those who own lands lying between the old and the new point of diversion claimed, at the hearing, that their land adjacent to the stream is sub-irrigated, as they express it, if the water of the stream is allowed to flow unobstructed, whereas, if petitioner changes his point of diversion several miles up the stream, as he proposes, the quantity of water to which he is entitled, which, theretofore, was permitted to flow down through the protestants' lands to the headgate of petitioner's original ditch, would be withdrawn from the bed of the stream, and to that extent sub-irrigation would be interfered with.

The facts tended to show, and the court so found, that, in order to get into plaintiff's original headgate the four cubic feet of water to which the ditch is entitled, there is required a flow in the bed of the stream of about fourteen cubic feet of water; that if the proposed change of point of diversion is made, only four feet of water would be turned into the ditch, and eleven feet would be permitted to flow

down the stream, to the benefit of the owners of lands between the two points of diversion, and that this flow, together with the seepage from plaintiff's lands irrigated by the ditch, beginning at the point of the proposed change, would more than compensate the intervening owners for any loss they might suffer in the way of diminished sub-irrigation.

The finding of the court would seem to be conclusive, and reference is made to it here, not because these intervening owners are complaining, but to bring out clearly the fact that the appellant cannot be heard to object, as he does in his brief, that owners of lands between the old and new point of diversion have been injuriously affected, for his lands are below the original intake. The court further found, and the evidence tended to sustain the finding, that appellant was not injuriously affected. In his protest, the claim of injury is, that, if the proposed change is made, in times of scarcity of water, his lands would be deprived of the seepage which theretofore they had enjoyed when petitioner withdrew from the stream the water to which he was entitled at his original headgate. Just what title appellant has to such seepage, or how, or to what extent, it would be diminished, if at all, by petitioner's withdrawal of the water at a point farther up the stream, is not made to appear. At least there was evidence before the court, upon which its finding was made, that in no respect would appellant's rights be infringed. Indeed, it would seem, from the evidence as brought up in the record, that the trial court was right in saying that the protestants were "fighting against their own interests to ask that petitioner be not allowed to make this change."

The judgment is affirmed.          *Affirmed*.

Chief Justice Gabbert and Mr. Justice Steele concur.