[No. 5280.]
[No. 2912 C. A.]

BOWMAN ET AL. v. VIRDIN ET AL.

1.   Water Rights—Priorities—Loan of Water—Vested Rights—Statutory Construction—Constitutional Law.

3 Mills' (Rev.) Stats., § 2273c, provides that the owners of irrigation ditches and water rights taking water from the same stream may exchange with and loan to each other, for a limited time, water to which each may be entitled, for the purpose of saving crops, etc. Held, that such provision only permits an exchange or loan of water under conditions which do not injuriously affect the vested rights of other appropriators, and therefore is not in violation of § 6, art. 16, Colo. const., declaring that the right to divert the unappropriated water of any natural stream for beneficial uses shall never be denied, and that priority of appropriation shall give the better right as between those using water for the same purpose, etc.—P. 249.

2.   Water Rights—Loaning Water—Injunction—Complaint—Sufficiency.

3 Mills' (Rev.) Stats., § 2273c, provides that the owners of irrigation ditches and water rights taking water from the same stream may exchange with and loan to each other, for a limited time, water, to which each may be entitled, for the purpose of saving crops, etc. Held, that a complaint is fatally defective in an action to restrain defendants from interfering with plaintiff using water loaned to him by other appropriators, which fails to

allege that the water so loaned can and will be used by plaintiff without impairing the vested rights of defendants owning later priorities.—P. 251.

*Appeal from the District Court of Mesa County.*
*Hon. Theron Stevens, Judge.*

Action by Thomas Virdin and D. F. Blair against Charles Bowman, T. D. Bowman and W. P. Nonsinger. From a decree in favor of plaintiff, defendants appeal.                    *Reversed.*

Mr. J. S. CARNAHAN, for appellants.

Mr. S. N. WHEELER, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiffs below (appellees here), by their complaint, alleged that they were the owners of certain water rights in adjudicated priority No. 8 of the waters of Kannah creek, water district No. 42, Mesa county, Colorado; that defendants below (appellants here) were the owners of adjudicated priority No. 5 of the waters of said Kannah creek; that both of said priorities took their water from Kannah creek through the Brown and Campion ditch; that the headgates of the laterals of plaintiffs are above the headgates of the laterals of defendants on the line of said Brown and Campion ditch; that pursuant to section 3, page 236, of the Laws of 1899 (3 Mills' Rev. Stats., § 2273c), and by a strict compliance with all the requirements of said section, the owners of adjudicated priority No. 2 of the waters of Kannah creek loaned to plaintiffs, for a limited time, thirty inches of water of said stream of adjudicated·priority No. 2, to be used by the plaintiffs in saving their crops and orchards; that, for the purpose of utilizing the said thirty inches of water so loaned to them by

the owners of adjudicated priority No. 2, the said water was taken out of the creek through the head-gate of the Brown and Campion ditch, down and through the said ditch and along, by and adjacent to the headgate and lateral through which the defend-ants divert water for the irrigation of their lands; that defendants, well knowing the facts relating to the loan of the said thirty inches of water to plain-tiffs, wrongfully, unlawfully and forcibly, without consent of plaintiffs, took and diverted the said thirty inches of water into the laterals of said de-fendants and used said water for the irrigation of their lands and refused to close the headgate on their lateral or allow plaintiffs or any one else to do so, thereby wrongfully, unlawfully and forcibly de-priving plaintiffs of the use of said water to the irreparable damage and injury of plaintiffs, and that defendants, unless restrained, threaten to and will continue so to do.

A perpetual injunction was prayed.

Defendants demurred to the complaint upon the grounds that it did not state facts sufficient to con-stitute a cause of action.

The demurrer was overruled, and defendants electing to stand upon the demurrer, judgment was rendered making the temporary injunction, there-tofore granted, permanent.

Error is assigned upon overruling the demurrer and entry of judgment.

It is the contention of appellants that section 3 of the act of 1899, Session Laws 1899, page 236 (3 Mills' [Rev.] Stats., § 2273c), is unconstitutional as being in conflict with § 6, article 16, Colorado constitution.

*Fort Lyon Canal Co. v. Chew*, 33 Colo. 392, disposes of this contention adversely to appellants, by placing a construction upon the statute in ques-

tion, which permits an exchange or loan of water under circumstances and conditions which do not injuriously affect the vested rights of other appropriators. At page 402 Mr. Justice Campbell said:

"Sections 1 and 2 of the act prohibit the change in point of diversion until the party desiring to make the same has obtained an adjudication of the court that it can lawfully be accomplished without impairing the vested rights of others; that is to say, the right cannot be exercised at all until after a decree therefor has been obtained that vested rights are not impaired. Section 3 seems to recognize a temporary exchange or loan of water without first obtaining a decree. The right, however, in the latter case, if it exist at all, as we have already held, is just as much subject to the qualification that the vested rights of others are not to be impaired as in the case of an attempted permanent change of the point of diversion. And when it has been made, though it may be effected without first obtaining a decree therefor, it is incumbent upon the party asserting rights under the loan or exchange, when challenged by an action in court, affirmatively to show that it can be exercised without interfering with, or impairing, the vested rights of others."

And again, at page 404:

"If, as a matter of fact, these loans were made under conditions and in circumstances which permit of exchanges and loans of water, it is only right and proper that the burden of establishing the same be put upon the parties thereto. That this is the rule that should prevail seems only fair and just. * * *

"Such being the law of this state, when such exchanges or loans are made, or attempted to be made, they ought not to be permitted, if at all, until the parties seeking their benefits have clearly established that the alleged qualified right has been exer-

cised in such a way, and at such times and in such circumstances, that the vested rights of others are not injured.''

There is no allegation in the complaint, nor any averment to supply the want of such allegation, to the effect, that the alleged right- of the owners of priority No. 2 to loan plaintiffs thirty inches of water of such priority, or that the alleged right of plaintiffs to borrow and use such water for the purposes set forth in the complaint, have been or can be exercised in such way as to not injuriously affect the vested rights of defendants in priority No. 5.

Under the above authority, the burden of establishing such facts resting upon plaintiffs, the complaint should make apt averments in that behalf.

The complaint being deficient in this regard, the court erred in overruling the demurrer of defendants, for which error the judgment must be reversed.                                        *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring. _____