[No. 4849.]

THE LOWER LATHAM DITCH COMPANY ET AL. v. THE BIJOU IRRIGATION COMPANY.

1. **Water Rights—Change of Diversion—Proceedings—Matters Determined—Abandonment—Presumption—Statutory Construction.**

   Sess. Laws 1899, c. 105, provide for a change of the point of diversion of water where an adjudication of relative priorities has been had under the statutes enacted for that purpose, but does not contemplate the determination of the question of abandonment, and the presumption is that such rights continue in existence until a court of competent jurisdiction in an appropriate proceeding has otherwise determined.—P. 214.

2. **Water Rights—Change of Point of Diversion—Proceedings—Defenses.**

   In a proceeding to change the point of diversion of water, it is no defense that consumers in another district, who are not parties to the proceeding, would be injured by the change; for, such right, which has been obtained as the result of an appropriation, is one of the incidents of ownership, independent of statute, and the only limitation upon it is that the rights of others be not infringed.—P. 215.

3. **Water Rights—Change of Point of Diversion—Statutory Construction.**

   Sess. Laws 1899, c. 105, providing for a change of the point of diversion of water, is purely remedial, and one of its objects is to prevent a multiplicity of suits and not to allow a change to be made until all persons who might be affected thereby are notified and given an opportunity to be heard.—P. 217.

**4. Same.**

Before the passage of Sess. Laws 1899, c. 105, providing for a change of the point of diversion of water, the owner of a right to use water from any of the streams of the state for irrigation might bring an equitable action against one respondent alone, and have determined against him the right to change the point of diversion, and such right was not limited to any particular territory or confined to any arbitrary diversion of the stream.— P. 217.

**5. Same—Jurisdiction of District Court.**

Under Sess. Laws 1899, c. 105, providing for a change of the point of diversion of water for irrigation, the district court has jurisdiction to render a decree permitting a change in the point of diversion from one water district to another, notwithstanding that such law lacks certain specific directions for giving effect to the decree, since such omissions do not destroy the right, though it may affect the conclusiveness of the decree permitting such change.—P. 218.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Petition by The Bijou Irrigation Company to obtain a change in the point of diversion of water from an irrigation ditch. From a judgment for petitioner, The Lower Latham Ditch Company, The Union Ditch Company, The Fulton Irrigation Ditch Company, and The Platte Valley Irrigation Company appeal.                    *Affirmed.*

Mr. H. N. HAYNES and Messrs. GOUDY & TWITCHELL, for appellants.

Mr. JAMES W. McCREERY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This proceeding by appellee, as petitioner below, was under "an act in relation to irrigation" (Session Laws 1899, p. 235), and the object was to obtain a decree permitting a change of the point of diversion

of the right to the use of water for irrigation originally decreed to the Frederick Brothers' ditch, which is situate in water district No. 2, and now owned by petitioner, to the headgate of the Bijou ditch, also owned by petitioner, and situate in water district No. 1. The cause was referred to a referee to take evidence and make findings of fact and report a decree. The court, with some modifications and corrections, approved of the referee's findings, and entered a decree in favor of the petitioner as prayed for. Some of the respondents appealed and rely for reversal upon four grounds: (1) That the priority in question had been totally abandoned prior to its acquisition by the petitioner; (2) that a partial abandonment thereof occurred; (3) that the change, if allowed, would injuriously affect the vested rights of the respondents; (4) that the district court was without jurisdiction of the subject-matter of the petition.

The first two contentions are at rest in this jurisdiction. Trial and decision of the pending cause was had, and briefs were filed here, before publication of the opinion of this court in *Wadsworth Ditch Co. v. Brown,* 39 Colo. 57. We decided there that the statute under which such proceedings are conducted does not contemplate the determination of the question of abandonment. The statute provides for changes of the point of diversion where an adjudication of relative priorities has been had under the statutes enacted for that purpose. The presumption is that such rights continue in existence until a court of competent jurisdiction in an appropriate proceeding has otherwise determined, and no such determination has been had of this priority. We adhere to, and approve of, the former decision.

The record shows that appellants' claim of injury was, though not entirely, yet largely, based upon

the assumption that the Frederick Brothers' priority had been abandoned in whole or in part, and thereafter appropriated and used by respondents. Since the issue of abandonment could not be herein determined, it necessarily follows that in so far as appellants' claim of injury grows out of, or depends upon, a resolution of that issue in their favor, it cannot be upheld here.

We have examined with care the further claim that the evidence, aside from that concerning the issue of abandonment, proves that the desired change in the point of diversion, if made, would injuriously affect the vested rights of appellants. We think the finding of the referee, which was approved by the court, that appellants are not injuriously affected is abundantly sustained by the evidence. It would serve no useful purpose to examine this evidence in detail, for decision of such issues depends so largely upon the facts of each particular case that determination in one cause is of little, or no, value in another.

Counsel for appellants vigorously argues that vested rights of water consumers in district No. 1, which is farther down the natural stream than district No. 2, would necessarily be infringed by the contemplated change in the point of diversion from the original headgate of the Frederick Brothers' ditch in district No. 2 to the headgate of the Bijou ditch in district No. 1. If that be true, and we express no opinion about it, certainly appellants would not be affected thereby, for they own neither land nor water rights in district No. 1. They are concerned only as to the effect the change may have upon their own rights, as appropriators of water in district No. 2, and may not interpose an objection that consumers other than themselves would be hurt. —*Crippen v. Glasgow*, 38 Colo. 104.

The only important or fairly debatable question in the case is that of jurisdiction.  Appellants say that changes in the point of diversion from one water district to another are not within the purview of this statute.  This is said to be so because the remedial statute requires proof that all parties who may be affected by such change have been duly notified of the proceeding, and the practice and procedure thereunder is the same as if the petition were for an original decree; and if a decree is rendered permitting the change, only the water commissioner of the water district in which the original headgate, or point of diversion, is situate is required to be notified thereof, so as to allot the priority in accordance with such change.  These requirements, together with the provision of the statutes, under which such original decrees are rendered, that notice is to be given only to persons thereby affected and who live within the same water district, and not to those outside, demonstrate, says counsel, that the changes contemplated are to be restricted to one water district.

The fundamental error in the contention, that under this statute changes cannot be made from one water district to another, lies in the erroneous assumption that the right to a change is conferred by the statute.  It is a pre-existing right, and the only limitation to its enjoyment and enforcement is that the rights of others be not thereby infringed.  The statute is purely remedial, as we have held in *New Cache la Poudre Irr. Co. v. Water S. & S. Co.,* 29 Colo. 469, and other subsequent cases.  The right to change the point of diversion, or place of use, of water which has been obtained as the result of an appropriation is one of the incidents of ownership, and existed and was exercised in this state long before this remedial statute was enacted.—*Wadsworth Ditch Co. case, supra.*  In *Strickler v. Colo.*

*Springs Co.,* 16 Colo. 61, a change in the point of diversion was made where there was only one party respondent. True it is that there both points of diversion were within the same water district, but before this statute was passed the owner of a right to use water from any of the streams of this state for irrigation might bring an equitable action against one respondent alone, and have determined as against him the right to change the point of diversion. Such right was not limited to any particular territory, or confined to any arbitrary division of the stream.

One of the objects of the remedial statute under which this proceeding is being conducted was to put a stop to a multiplicity of actions and not to allow such changes to be made until all persons who might be affected thereby are notified and given an opportunity to be heard. It must be admitted that the prescribed procedure will not fully effectuate that object. But the statute prescribes that the practice and procedure as to notice, etc., thereunder shall be the same as if the petition were for an original decree, and therewith petitioner and the court have fully complied. This court more than once has expressed regret that our general assembly did not include in one water district the principal stream and all its tributaries, so that a decree therein, when pronounced, should absolutely bind all the users of water therefrom. Notwithstanding this, our courts have proceeded to adjudications thereunder, and this court has held that the resulting decrees are conclusive and binding upon all those within the same water district, and *prima facie* correct as between different water districts.—*Ind. Ditch Co. v. Agri. Ditch Co.,* 22 Colo. 513, 528.

And in *Ft. Lyon Canal Co. v. Arkansas Valley S. B. & I. L. Co.,* 39 Colo. 332, it was held that they become binding upon all consumers from the same

source of supply, both within and beyond the district, when not questioned within the time limited therefor by the statute.

We may also say here that it is unfortunate that this remedial statute did not contain a provision for giving notice to those outside the particular water district when a change from one district to another is sought, and that it lacked the specific directions for giving effect to the decree which the curative act (Session Laws 1903, p. 278) contains. But these omissions and defects do not destroy the property right of a water right owner to have his point of diversion changed from one water district to another, though it may affect the conclusiveness of the decree which permits him to make such change, in accordance with the decisions just cited.

The objection which appellants now interpose to the jurisdiction of the district court to render a decree authorizing a change in the point of diversion from one water district to another is just as applicable to the jurisdiction of the district court to enter the original decrees, and such objection has repeatedly been held not good.

Our conclusion is that the district court had jurisdiction under the act of 1899, upon a compliance by petitioner and the court with the practice as to notice, etc., therein prescribed, which was observed in this case, to render a decree permitting a change in the point of diversion from one water district to another.

The judgment of the district court must be affirmed, and it is so ordered.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.