# SUPREME COURT

OF THE

## STATE OF COLORADO.

### September Term, 1910

[No. 5894.]

THE NEW CACHE LA POUDRE IRRIGATING CO. ET AL.
v. THE WATER SUPPLY AND STORAGE CO.

1. **Water Rights—Change of Place of Diversion,** will not be permitted if thereby injury will be occasioned to the vested rights of others. Every case must depend very largely upon its own circumstances.—(3)

2. ——**Evidence—Burden of Proof**—It rests upon the one demanding the change to make it appear that the rights of others will not be affected, even though this may involve the proof of a negative.—(4)

3. ——**Relevancy**—Evidence that the petitioner will, if his petition be allowed, irrigate a greater acreage of land and use the water for a greater length of time than before the change, is not to be received.—(5)

4. ——**Experiments**—A practical test for several years by the actual change desired, under the authority of an injunction improperly allowed, furnishes the most satisfactory evidence possible.—(6)

5. ——**Effect of the Order**—Permission to make the proposed change in no way enlarges the rights of the petitioner, either as to the volume of water, or the time of its use.—(7)

*Appeal from Larimer District Court* — Hon. JAMES E. GARRIGUES, Judge.

Mr. H. N. HAYNES, Mr. F. J. ANNIS and Mr. FRED W. STOW for appellants.

Mr. L. R. RHODES and Mr. L. R. TEMPLE for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This cause was once before this court—*Irrigation Company v. Water S. and S. Co.*, 29 Colo. 469. It was begun as a suit in equity against a single defendant, having for its object a decree permitting, as against such defendant, a change of the point of diversion from the headgate of the Pioneer Ditch, of certain priorities to the use of water for irrigation, which had, under the general adjudication decree, been awarded thereto, to the headgate of the ditch owned by the plaintiff Storage Company. Upon final hearing in the district court, a decree was rendered permitting the change to be made. The defendant appealed to this court, with the result that the decree was reversed and the cause remanded. The merits of the controversy were not determined, and the reversal was directed because our General Assembly had prescribed a special proceeding for the awarding of such relief which we held to be the exclusive remedy. In remanding the cause, in order to save the time of the courts and lessen the costs of the parties, since the object of the equity suit was the same as that contemplated by the special proceeding under the statute, we gave permission to plaintiff, if it saw fit, by proper amendment to the complaint, to convert or change the suit into the statutory proceeding, with the privilege of using on the second hearing the evidence produced at the first, after giving the statutory notice to all persons to be affected by

the final order.  When the case reached the district court the proper amendment to the complaint was made, the statutory notice given, new parties affected appeared, and the cause thereafter was conducted as a special statutory proceeding.  The court appointed a referee to take evidence and report findings with a form of decree.  Several weeks were consumed in taking evidence and, at its conclusion, the referee made elaborate findings of fact which, in the main, were approved by the court, and upon findings so made a decree was rendered permitting the change to be made as prayed for.  The respondents below have appealed from that decree.

The announcement has been repeatedly made by this court that the right to change the point of diversion of a ditch which diverts water from a natural stream in this state for the purposes of irrigation, though a property right, is not an absolute one.  It may not be permitted if it works injury to the vested rights of others.  Whether or not the right to make the change should be granted depends very largely upon the facts of each particular case.  The different cases are usually so dissimilar in their facts that the determination in one case furnishes but very little, if any, aid in the decision of another.  When this cause was being conducted as a suit in equity, the judge of the district court, sitting as a trier of facts, found, upon a large mass of testimony, that the rights of the defendant in that action would not be injuriously affected by the change, and therefore permitted it to be made.  The evidence then taken was, under our order, considered at the second hearing, and, upon it and additional proof, the referee arrived at the same result, and his findings in the main were approved by the trial court when it overruled the exceptions of the respondents thereto.  We, therefore, have a case where two different judges

and a referee have reached the same conclusion, that the change asked for should be granted because the vested rights of others were not thereby impaired. Such findings should not be lightly set aside. It would serve no useful purpose to comment upon or review the great volume of evidence which has been brought up in the transcript. To do so would not be helpful in future cases, and we do not deem it necessary to prolong the opinion or to consume the time that would be necessary therefor. An attentive consideration of the evidence satisfies us that every material finding of fact is sustained by the proof, and we therefore shall not disturb the findings.

Much stress is laid by learned counsel for appellant on the fact that the referee, in weighing the evidence and making his findings, disregarded the true rule in a proceeding of this kind respecting the burden of proof. They say that this court, in *Fort Lyon Canal Co. v. Chew,* 33 Colo. 392, which involved a temporary exchange or loan of water rights, said that the burden of proof rests upon the one who asserts the right to make or enjoy the same, and while the present proceeding is one concerning the right to change the point of diversion, the same principle should apply. In this contention, we think appellants are right. One who seeks to have made a change in the point of diversion of his ditch should make it appear to the court that the same will not injuriously affect the vested rights of others, although in a sense this may involve proof of a negative. This is clearly indicated in a case decided at the present term.— *Vogel et al. v. The Minnesota Canal and Reservoir Co.,* 47 Colo. 534, and is recognized in other cases. —*Bowman v. Virdin,* 40 Colo. 247. The reasons for it are apparent. If the change is made, it disturbs the existing order and manner of distributing water diverted from our natural streams into irrigating

ditches, which is performed by public officers, and causes a modification to be made in the general adjudication decree.   It is fitting that a party who asks such relief should bear the burden of proving that the vested rights of others will not thereby be infringed if it is granted.   It is only the burden which is usually imposed upon the moving party in a law suit.   The question here is not at all material, however, for the preponderance of evidence shows that respondents are not injured.   If there is any doubt about this on the case made by petitioner, the evidence produced by respondents themselves furnishes a sufficient basis for the findings.

In examining the record on the first review, it was made apparent to us that the hearing had taken a much wider range than the issue involved justified. At page 473 of the opinion, we then said: "Whether the place of diversion may be changed is not to be determined by the manner of use, or by the quantity of water employed, or the length of time which the same is to be enjoyed by the plaintiff after changing from the headgate of one ditch to that of another— unless, of course, the change of conditions necessarily, or by reasonable inference, brings about an enlarged use either in amount or time." That observation may well be repeated here.   Notwithstanding this word of caution, a large part of the evidence produced in behalf of the respondents on the second hearing bore upon the claim that the petitioner, if the change was made, would, with the priority in question, irrigate different tracts of land and a greater acreage, and use such water for a greater length of time than before the change.   Such evidence was improperly received, and probably was disregarded by the referee in his findings—at least it should have been, because it bore, not upon the necessary conditions, but upon the asserted claim that petitioner

might, not that it necessarily would, enlarge the use after the change in point of diversion was made.— *Lower Latham D. Co. v. Bijou Irr. Co.,* 41 Colo. 212. There is no evidence in this record to which our attention has been directed, and we have discovered none, that shows that the desired change of conditions necessarily, or by any reasonable inference, injuriously affects the vested rights of appellants by bringing about an enlarged use either as to quantity, or time. *Bates v. Hall,* 44 Colo. 360, 371, was a case where such a claim was made, and we there said that the trial court erred in refusing to admit evidence to establish it. We are fully warranted in saying that the preponderance of evidence clearly shows that the appellants have not suffered the injury which they assert.

When the cause was pending as a proceeding in equity, plaintiff obtained an interlocutory injunction permitting a change in the point of diversion of the priority in question from the headgate of the Pioneer Ditch to the headgate of plaintiff's Storage Ditch. For four or five irrigating seasons the quantity of water thus permitted to be changed was taken from the natural stream through the headgate of the Storage Ditch and its diversion through the Pioneer Ditch discontinued, and during all this time the referee finds, and the evidence sustains him, that no injury whatever was thereby caused to or suffered by any of the respondents. Whatever theories counsel may indulge concerning the effect of such a change, and whatever may be the belief of the parties or the views of experts, this practical test, to our minds, furnishes the most satisfactory proof that can be produced that the desired change in the point of diversion ought to be permitted. If for this period of four or five years respondents suffered no injury as the result of the change which the court has de-

creed, it is quite conclusive that their vested rights have not been, nor will they hereafter likely be, injuriously affected. We deem it fitting to emphasize what heretofore we have had occasion to say, that an order permitting a change in the point of diversion to be made does not, and cannot, in any way enlarge the right of its recipient by conferring upon him power to divert a greater quantity of water from the stream than he theretofore took, or to use it for a greater length of time than he was previously entitled to. If a petitioner should attempt thus to extend or enlarge his decreed rights, this permissive decree allowing him to make the change would afford him no protection. His decreed right of priority, thereafter to be enjoyed at a new place of diversion, in so far as it is measured by volume or time, will be as determined by the adjudication decree itself.—*Wadsworth Ditch Co. et al. v. Brown,* 39 Colo. 57; *Lower Latham Ditch Co. et al. v. Bijou Irr. Co., supra.*                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

Decided April 4, A. D. 1910; rehearing denied November 14, A. D. 1910.