## CALLAHAN *et al.* v. GRAVES.

No. 2803. Opinion Filed May 20, 1913.

(132 Pac. 474.)

**PRINCIPAL AND AGENT—Unauthorized Acts of Agent—Liability of Principal.** Where, in an action against an agent and his principal for damages caused by an act of the agent, done without the direction or knowledge of the principal, there is a judgment for the agent defendant on the merits, a judgment against the principal must be reversed.

(Syllabus by Rosser, C.)

*Error from District Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by David Graves against Anna Callahan and others. From judgment for plaintiff, the defendant named brings error. Reversed and rendered.

*B. B. Blakney, J. H. Maxey,* and *J. H. Miley,* for plaintiff in error.

Opinion by ROSSER, C. This was an action by David Graves against E. B. Putman, Link Cowan, Anna Callahan, and L. Wheeler. Plaintiff's amended petition alleged: That about

the 15th of June, 1909, plaintiff was occupying, under an oral
lease, a certain one-story brick building in Shawnee, which
was then owned by Anna Callahan and leased to plaintiff by
her authorized agent, L. Wheeler; that plaintiff used the build-
ing as a barber shop; that the west side of the building was a
solid brick wall, supported by foundation of stone and cement
filled in a well trench about two feet below the surface of the
ground; that Putman and Cowan contracted with the owner of
the adjoining lot to erect a two-story brick building; that, as
plaintiff believed, they were acting as independent contractors;
that pursuant to their contract Putman and Cowan dug a
trench for the foundation of the east wall of the building they
were to erect, immediately adjoining the west wall of the bar-
ber shop; that the trench was about eighteen inches wide
and about fifteen inches below the foundation of the wall of
the barber shop; that the defendants Putman and Cowan were
careless and negligent in the digging of the trench; that on ac-
count of their carelessness and negligence the wall of the barber
shop fell, causing injury to plaintiff's property. The second
and third paragraphs of their petition are as follows:

"For a further cause of action against defendant, Anna
Callahan and L. Wheeler, plaintiff alleges and says: (1) That
(including all the allegations in paragraph 1, in count 1) at
the same time, or just immediately after the negligent, careless,
and unskillful acts on the part of the said E. B. Putman and
Link Cowan as aforesaid, defendant L. Wheeler, duly authorized
agent and manager of the property of the said Anna Callahan,
began and completed the cutting of a crevice in the west side of
the west wall of said barber shop as aforesaid; that said crevice
was cut for the purpose of laying a rain spout therein and thus
enable said contractors, E. B. Putman and Link Cowan, to
build the east wall of said building to be erected on lot twelve
as aforesaid immediately adjacent to said wall of said barber
shop; that said trench was about seven inches in depth and six
inches in width, and extending the entire length of said wall di-
agonally with the same and in the middle thereof from its base
and the roof of said barber shop; that in cutting said crevice
as aforesaid the said Anna Callahan and L. Wheeler were care-
less, negligent, and unskillful, and failed to exercise due care

and reasonable precaution, whereby said wall was caused to fall and crumble down upon plaintiff's barber equipments and property within said barber shop, and totally destroying the same, to his damage as per Exhibit A; that said negligent and careless acts on the part of the said Anna Callahan and L. Wheeler as aforesaid were the concurring causes with the negligent and careless acts on the part of the said defendants E. B. Putman and Link Cowan as aforesaid in causing said damage and inpuries to plaintiff's property as aforesaid.

"III. For a further cause of action against said defendants, E. B. Putman, Link Cowan, Anna Callahan, and L. Wheeler (including paragraphs 1 and 2 in count 1 and paragraph 1 in count 11 herein) plaintiff alleges and says: (1) That the injuries to plaintiff's property resulting in his damage in the sum of $750 was the result of, and directly due to, the concurrent, negligent, careless, and unskillful acts of said defendants as aforesaid."

"Wherefore plaintiff prays judgment against said defendants, and each of them, in the sum of $750, for the costs of this action, and for all other relief justified in the premises."

At the close of the evidence the court instructed the jury to find for the defendants Putman and Cowan, and Wheeler, but submitted the question of Anna Callahan's liability to the jury. The evidence shows that a crevice was cut the length of the wall for the purpose of putting in a pipe, and that it was completed a short time before the crevice for the adjoining building was completed. Wheeler ordered the trench to be cut in the wall. He was Mrs. Callahan's agent to collect rents and make repairs. Mrs. Callahan was living in Omaha, Neb., and had not been in Shawnee at any recent time before the crevice was cut. Her agent had not notified her that another building was going to be erected on the adjoining lot. Wheeler was having the pipe put in the wall to carry off the water, for the reason that on account of the erection of the building on the adjoining lot there would not be room for the pipe on the outside.

The brief of plaintiff in error contains numerous assignments of error. The principal one is that the court erred in refusing to instruct the jury to find a verdict for the defendant

Callahan.  It is the contention of plaintiff in error that, when the court found that Wheeler was not liable, it was its duty to make the same finding as to Mrs. Callahan.  In other words, she contends that if her agent was not liable she was not liable. This contention is correct.  Wheeler was the person who had the work done.  Unless he was liable his principal was not liable. When a tort has been committed the person who actually commits it is liable if any one is.  If he is not liable then his principal cannot be held liable.  If he acts as the agent of another, the other is responsible by reason of the doctrine of *respondent superior,* and not because he has himself done a wrong.

In the case of *N. O. & N. E. R. Co. v. Jopes,* 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919, Mr. Justice Brewer said:

"It would seem on general principles that if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to a like immunity.  *  *  *  But here the defense is that the act of the conductor was lawful.  If the immediate actor is free from responsibility because his act was lawful, can his employer, one taking no direct part in the transaction, he held responsible? *  *  *  If an act of an employee be lawful, and one which he is qualified in doing and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor."

This opinion was followed by the Circuit Court of Appeals for the Eighth Circuit in *Portland Gold Mining Co. v. Stratton's Independence,* 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677, in an opinion by Mr. Justice Van Devanter, now of the Supreme Court of the United States.

In *McGinnis v. C., R. I. & P. Ry. Co.,* 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 661, 9 Ann. Cas. 656, the third paragraph of the syllabus is as follows:

"Where the servant is charged with misfeasance, and he and the master are joined as defendants, and the petition imputes the negligence of the servant to the master, a verdict of the jury finding the servant not guilty of negligence discharges the master also, although the verdict is against the master."

The same doctrine is announced in *Hayes v. Chicago Telephone Co.,* 218 Ill. 414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764; *Featherston v. President, etc., Turnpike Co.,* 71 Hun, 109, 24 N. Y. Supp. 603; *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Ind., etc., Co. v. Lippincott Glass Co.,* 165 Ind. 361, 75 N. E. 649; *Stevick v. N. Pac. R. Co.,* 39 Wash. 501, 81 Pac. 999; *Morris v. Northwestern Implement Co.,* 53 Wash. 451, 102 Pac. 402; *Bradley v. Rosenthal,* 154 Cal. 420, 97 Pac. 875, 129 Am. St. Rep. 171; *Hill v. Bain,* 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873; *Chicago, etc., R. Co. v. McManigal,* 73 Neb. 580, 103 N. W. 305, 107 N. W. 243.

The defendant Wheeler was not acting under the direct instructions of his principal, but was acting under a general agency, without specific instructions from his principal to do this particular act. If he is not responsible there is no liability anywhere.

The defendant in error has not filed a brief in the case. It would appear from some statements of the brief of plaintiff in error that the court permitted the case to go to the jury for a breach of covenant of quiet enjoyment of the premises, but the petition was not framed upon that theory, and the measure of damages submitted to the jury was not based upon that theory, and the instructions to the jury upon the measure of damages would not be proper if the action were one for breach of covenant for quiet enjoyment. Therefore it will not be presumed that it was upon that theory that the case was decided as it was.

As the judgment of the lower court in favor of Wheeler has become final, the judgment against Mrs. Callahan should be reversed and here rendered in her favor.

By the Court: It is so ordered.