# SUPREME COURT

OF THE

# STATE OF COLORADO

AT SEPTEMBER TERM, A. D. 1923.

No. 10,399.

NEW CACHE LA POUDRE IRRIGATING CO. *v.* WATER SUPPLY & STORAGE CO., ET AL.

Decided June 4, 1923. Rehearing denied October 1, 1923.

Action in equity respecting water rights. Decree for defendants.

*Reversed.*

1. WATER RIGHTS—*Change of Point of Diversion—Enlarged Use.* If the petitioner, in an action to change the point of diversion of water, after obtaining a decree permitting the change, enlarges or attempts to enlarge the use of his appropriation to the injury of respondent, the permissive decree will not bar relief to the latter.

2. *Abandonment—Change of Point of Diversion.* In a statutory proceeding to change the point of diversion of water, the question of abandonment may not be raised or determined, if petitioner objects thereto; but if the issue is tendered and deter-

mined without objection, it may not thereafter be relitigated as between the same parties or their privies.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, for plaintiff in error.

. Mr. L. R. TEMPLE, Mr. C. D. TODD, Mr. DONALD C. MC-CREERY, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff below, plaintiff in error here, The New Cache La Poudre Irrigating Company, and the principal defendant below, defendant in error here, The Water Supply & Storage Company, (hereinafter designated as the irrigating, and storage, company respectively), are owners of irrigation priorities of water diverted from the same source of supply, which they distribute to their respective stockholders for irrigating their lands. This action by the irrigating company, in the nature of a suit in equity, is based upon an alleged enlargement of use, in volume and time, by the storage company of its decreed appropriation to the injury of the rights of the plaintiff.

Both parties agree that the "*crux* of this case grows out of the second defense of the amended answer and the reply thereto," to which defendant's demurrer was sustained. This defense is a plea of estoppel by record. Under the same title as here, in 29 Colo. 469, 68 Pac. 781, and in 49 Colo. 1, 111 Pac. 610, the right of the storage company to change its place of diversion, over the objection of the irrigating company, was determined. The case in 29 Colorado was begun as a suit in equity by the storage company against the irrigating company, having for its object a change in the place of diversion of the storage company's appropriation. The trial court permitted the change, but, upon a review by this court, it was held that the special statutory proceeding authorizing such changes, upon pre-

scribed conditions, constituted the exclusive remedy. The
decree was, therefore, reversed and the cause remanded
to the district court with instructions, if due application
was made therefor, to permit the plaintiff to change or con-
vert the equity suit into the statutory proceeding, and
thereupon to proceed with a hearing in such new proceed-
ing and determine if the change in the point of diversion
should be allowed. Upon application made in accordance
with such order, a further hearing was had, as in the stat-
utory proceeding, with the result that the trial court de-
creed that the change might be made. This judgment was
approved and the opinion therein reported in 49 Colo. 1,
111 Pac. 610. It is the judgment, thus affirmed by this
court, that is pleaded as estoppel of record in the second
defense of the answer as a bar to this equitable suit which
seeks relief for wrongful acts of the defendant, to plain-
tiff's injury, because of enlarged use made since the ren-
dition of the permissive decree. The replication to the
second defense consists largely of facts and statements con-
tained in the opinion of this court, which the plaintiff says
permit the present suit to be maintained.

The second defense, in substance, alleges that in the
present action the complaint sets forth the same identical
matters and things, as constituting the injury here com-
plained of, which are set forth in its answer in the former
statutory proceeding for a change of diversion as consti-
tuting matters whereby its appropriations of water were,
and would be, injuriously affected in case such change was
allowed. In other words, the defense is that the plaintiff
herein, having resisted the statutory petition for a change
of the place of diversion by the defendant, upon the ground
that its water rights would be injuriously affected if the
transfer was allowed, in which defense it failed, and this
court having affirmed that decision, the plaintiff may not
relitigate the same identical questions upon the theory that
it has found, after a period of seven years, that its water
rights have been injuriously affected by that change. The
replication to this defense is that while this plaintiff did,

as respondent in the statutory proceeding, set up as a defense that the proposed change, if allowed, would necessarily, or by reasonable inference, injuriously affect its rights, and, although both the trial and the appellate courts found against such contention and permitted the change to be made, nevertheless, by the opinion and judgment of this court, the effect of the decree permitting the change to be made, was expressly limited, and held not to be a protection to this defendant, upon whose application the change was made, if, after such change of place of diversion, the defendant used, or attempted to use, its appropriation otherwise than as fixed by the adjudication decree which determined its priorities.

The record shows that this plaintiff in the former proceeding, not only set up as a defense, but produced much evidence in its support, that the necessary consequences of the proposed change of diversion, if allowed, would result in the impairment of its rights as a junior appropriator. The trial court and this court, however, held that that would not be the necessary or probable result of the change, and, in speaking of the evidence thus produced, we said:

"Such evidence was improperly received, and probably was disregarded by the referee in his findings—at least it should have been, because it bore, not upon the necessary conditions, but upon the asserted claim that petitioner might, not that it necessarily would, enlarge the use after the change in point of diversion was made—*Lower Latham D. Co. v. Bijou Irr. Co.,* 41 Colo. 212. There is no evidence in this record to which our attention has been directed, and we have discovered none, that shows that the desired change of conditions necessarily, or by any reasonable inference, injuriously affects the vested rights of appellants by bringing about an enlarged use either as to quantity, or time. * * * We are fully warranted in saying that the preponderance of evidence clearly shows that the appellants have not suffered the injury which they assert."

And again:

"We deem it fitting to emphasize what heretofore we have had occasion to say, that an order permitting a change in the point of diversion to be made does not, and cannot, in any way enlarge the right of its recipient by conferring upon him power to divert a greater quantity of water from the stream than he theretofore took, or to use it for a greater length of time than he was previously entitled to. If a petitioner should attempt thus to extend or enlarge his decreed rights, this permissive decree allowing him to make the change would afford him no protection. His decreed right of priority, thereafter to be enjoyed at a new place of diversion, in so far as it is measured by volume or time, will be as determined by the adjudication decree itself.—*Wadsworth Ditch Co. et al. v. Brown*, 39 Colo. 57; *Lower Latham Ditch Co. et al. v. Bijou Irr. Co., supra.*"

The defendant here says that these observations are merely the reasons which the court gave for its judgment affirming the decree of the lower court; and since the judgment below was affirmed in its entirety, it is a conclusive adjudication, not only that a change in the place of diversion did not necessarily, or by reasonable inference, injure, but that, if allowed, would not thereafter impair, the rights of this plaintiff. While the opinion is not a judgment, we can not accept the conclusion from this premise, that injuries suffered after the rendition of the judgment are not actionable. Although we said in the former opinion that the desired change of conditions would not necessarily, or by any reasonable inference, injuriously affect the rights of the present plaintiff, we did not say, and it was impossible in the nature of things to foretell, that after the change was made, the petitioner there, defendant here, might not, by enlarging the use of its appropriation, inflict an actionable injury upon the plaintiff. Indeed, we took occasion especially to emphasize, as appears from the foregoing quotation, that if the petitioner in that action, at whose request the change in place of diversion was allowed, attempted to extend or enlarge his decreed rights,

to the damage of the respondent, the permissive decree authorizing the change would afford no protection. We also said that the petitioner's use of his priority right at the new place of diversion must be only to the same extent as at the original headgate, and as determined by the adjudication decree. That opinion was intended to, and it did, interpret the meaning and effect of the decree affirmed, and limited its operation to the then existing conditions. It necessarily follows, from these explanatory and definitive statements that if, as alleged in the present action, petitioner in that special proceeding, defendant here, after obtaining a decree permitting a change of diversion, enlarged, or attempted to enlarge, the use of its appropriation, to the injury of the respondent there, plaintiff here, the permissive decree would not bar relief.

But it is said by the defendant that, by later decisions of this court, there is indicated a tendency to enlarge the scope of the statutory proceeding for a change in the place of diversion, and there is manifested by this court, and the court of appeals, an inclination to permit as defenses to applications of this nature such as abandonment of the priority sought to be changed to a new place, and strictly to maintain the same conditions in the stream from which appropriations are made which existed at the time they were initiated. It may be that different judges of both our appellate courts are not entirely agreed as to the wisdom of the scope of such a statutory proceeding, as defined by its earlier rulings, but in the two cases above cited, and in *Wadsworth D. Co. v. Brown,* 39 Colo. 57, 88 Pac. 1060; *Lower Latham D. Co. v. Bijou Irri. Co.,* 41 Colo. 212, 93 Pac. 483, and *Bijou Irri. District v. Weldon Valley D. Co.,* 67 Colo. 336, 343, 184 Pac. 382, and in other cases, these limitations have been enforced. In *Farmers' High Line & Reservoir Co. v. Wolf,* 23 Colo. App. 570, at page 579, 131 Pac. 291, Mr. Justice King, in a well considered opinion, says that, in his opinion, it was unfortunate that the Supreme Court felt compelled to rule that abandonment could not be made an issue in this special statutory pro-

ceeding for a change in the place of diversion, and that a wider scope to the proof had not been sanctioned. Nevertheless, in that very case he enforced, as he was required to do, the limitation prescribed by this court. He also recognized that so long as a right to change the place of diversion is held to be a property right, in a clear case that prior appropriations will not be injured, it must be allowed, and by insisting upon conclusive and clear proof the danger of such changes may be minimized. In *Larimer County, etc. Co. v. Poudre Val. Res. Co.*, 23 Colo. App. 249, at page 263, 129 Pac. 248, the learned judge gave to our decision in 49 Colo. 1, (111 Pac. 610) the same construction we do here, that any attempt on the part of a petitioner, who has been allowed to change his point of diversion, thereafter to use his appropriation in such a way as to injure other appropriators, would be still in the control of the court and is a continuing protection to them.

The Bijou Irrigation District case is cited by the defendant as sustaining its plea of estoppel of record. The decision in that case was that in the equity case then before the court, whose object was a decree of abandonment of a part of a water right, that since in a former statutory proceeding between the same parties for a change of place of diversion, precisely the same issue of abandonment was tendered and actually litigated and determined against the plaintiff, it could not relitigate that question in any future suit between the same parties. At first blush such decision might seem inconsistent with our decisions that abandonment was not a proper matter for determination in the statutory proceeding. Justice Teller's opinion, however, is not opposed to our established rule in such proceedings, and he cites with approval the Wadsworth Ditch Company case *supra*, which held that a judgment of abandonment can not be obtained therein. In the ruling that the determination in the statutory proceeding was conclusive upon the issue of abandonment, there was no intention to overrule previous decisions concerning abandonment. What Justice Teller meant, and what he said, was that as

in the statutory proceeding, as matter of fact and law, the issue of abandonment was actually determined, and adversely to the plaintiff, without any objection by the parties, and as the court, in a proper suit, would have jurisdiction of the subject matter, and the judgment in that case had not been set aside and was still in force and effect, the plaintiff, having himself tendered the issue and solicited its determination, which was adverse to him, was not permitted in a subsequent suit in equity to relitigate the very same issue.

So that, speaking generally, while the established rule in this jurisdiction is that in such a statutory proceeding the question of abandonment raised by the defendant is not, upon a proper and seasonable objection by the petitioner, to be determined therein, nevertheless, if the issue is tendered and actually determined without objection, it may not thereafter, in any subsequent action or proceeding be relitigated or determined as between the same parties and their privies. While it is also true that there has been, in the later decisions, a growing tendency to exact an affirmative and conclusive showing that requested changes will not be injurious to the rights of other appropriators, the decision of this court in the case in 49 Colorado, and referred to with approval in many subsequent cases, is still the law of this State and has never been questioned. Such changes, however, are not, and by fair construction of the permissive decrees, were not intended to operate as, a bar to future redress by a party or his privies for injuries to rights inflicted as the result of a subsequent enlarged use of his appropriation, either in point of time or volume, by the party to such decree who was given permission to make the change.

Defendant's motions to strike and demurrer to the reply to the second defense in the answer should have been overruled and the case should have gone to trial. For the error of the court in sustaining said motions and demurrer, the judgment must be, and it is accordingly reversed and the

cause remanded, with instructions that, if other proceedings be had, they be in accordance with the views herein expressed.

### On Rehearing.

In their petition for a rehearing, the defendants in error, while acquiescing in the decision that, "an appropriator of water may enjoin in equity the use of an appropriation enlarged in time or amount subsequent to the entry of a decree permitting the change of the point of diversion thereof," contend, nevertheless, that in applying the law so declared, we "overlooked or misapprehended the issues actually made and joined by the pleadings herein."

As stated in the opinion, both parties are in accord that the only question that was submitted for decision, and it was the only one argued, was whether the second defense of the amended answer constituted a good defense to the action. In other words, the only question we were called upon to decide was whether such a suit in equity could be maintained. Our attention was not then directed to what is now said by defendants in error to be a failure of the plaintiff in error in its complaint to bring its case within the principle of law laid down. The pleadings are voluminous and unnecessarily prolix. We do not propose at this time to study the complaint to determine if it is defective in other particulars than the one submitted for our decision. The defendants in error must reform their answer and, in view of what we said in the opinion, it may be that the plaintiff in error may wish to amend, and we deem it proper to suggest that, for the sake of brevity and clearness, the complaint should be amended. It might well be, and should be, materially shortened before the defendants are called upon to file an amended answer. Either party may attack the pleadings of its adversary, either those now on file, or amended pleadings, if any, upon grounds other than the one already presented and disposed of.

Petition for a rehearing denied.