Nota JOHNSON, Plaintiff in Error,

v.

SOUTHWESTERN BATTERY COMPANY, Inc., and Jimmy Nightingale, Defendants in Error.

No. 40739.

Supreme Court of Oklahoma.

Feb. 8, 1966.

Doerner, Stuart, Moreland & Saunders, by Harry D. Moreland, Tulsa, for plaintiff in error.

Covington & Gibbon, by A. M. Covington, Tulsa, for defendants in error.

PER CURIAM.

This appeal presents a single troublesome question with several different facets. The facts are briefly stated as follows:

Involved in the courts below was an automobile accident occurring at an open street intersection in the City of Tulsa. One vehicle belonged to Mrs. Anna Klentos, being driven at the time by Nota Johnson, admittedly an authorized agent of Mrs. Klentos, and the other vehicle belonged to Southwestern Battery Company, Inc., hereinafter referred to as Southwestern. Southwestern filed a suit in the Court of Common Pleas of Tulsa County, Oklahoma, against Nota Johnson and Anna Klentos claiming only damages to its vehicle as the result of the collision arising out of alleged negligence of Nota Johnson. Answers and cross-petitions were filed on behalf of each defendant, each asserting negligence of the driver of Southwestern's car, with Nota Johnson claiming personal injuries and Anna Klentos claiming damage to her vehicle. In her cross-petition, Nota Johnson demanded $50,000.00 as damages for her personal injuries and because of this, and by agreement of counsel, the entire cause was transferred from the Common Pleas Court, where it was originally filed, to the District Court of Tulsa County, Oklahoma, where it was then thereafter pending. After the issues were made up in the District Court, and for the express purpose of making a re-transfer to the Court of Common Pleas possible, Nota Johnson amended her cross-petition, with leave of court, to reduce her demand to $10,000.00 which is the maximum jurisdictional amount of the Court of Common Pleas of Tulsa County. The entire case was thereupon transferred from the District Court to the Court of Common Pleas where it had originated and had been pending before its transfer to the District Court. The cause was there set for trial, a jury was empaneled, opening statements had been made and testimony had been begun when Nota Johnson sought and obtained leave of the trial court again to amend her cross-petition, as it then

existed, to increase her demand for damages from $10,000.00 to $50,000.00. At this time counsel for Nota Johnson stated in this amendment that the cross-petition of Nota Johnson was being reserved "for trial in the District Court of Tulsa County." With the cause in this condition, Jimmy L. Nightingale was made a joint plaintiff and the cause proceeded to the conclusion of the trial in the Court of Common Pleas resulting in a jury verdict finding "the issues for Neither Party." Upon this verdict the Court of Common Pleas entered a judgment that neither of the plaintiffs nor the co-defendant, Anna Klentos, was entitled to recover and "that said parties shall take nothing herein." The journal entry of this judgment recites the previous withdrawal of the cross-petition of Nota Johnson from said cause, that the jury had been sworn to "well and truly try the issues joined between plaintiffs and defendants," and that Anna Klentos had proceeded with the trial in the defense of the claim which the plaintiff asserted against her individually and with her individual cross-petition against plaintiff in said cause. This judgment became final and was not appealed from.

The cross-petition of Nota Johnson, as last amended as aforesaid, was transferred to the District Court of Tulsa County and there docketed as a pending cause. Southwestern had answered this cross-petition in said cause and specifically pleaded the defenses of res judicata and estoppel by judgment by virtue of the verdict and judgment aforesaid in the action theretofore pending in the Court of Common Pleas. At the pre-trial conference it was stipulated that Nota Johnson's cross-petition would be deemed to run also against Jimmy L. Nightingale. Southwestern and Nightingale moved for judgment in their favor upon the basis of these pleas and stipulations of counsel agreeing to the above stated facts and agreeing that the court should rule upon these pleas and their effectiveness or lack of effectiveness at that stage of the proceeding.

The District Court sustained the aforesaid motion of Southwestern and Nightingale and rendered judgment in favor of Southwestern and Nightingale, dismissing the cross-petition of Nota Johnson. After motion for a new trial was duly filed and overruled, this appeal was taken and lodged in this Court.

The plaintiff in error asserts error, relying upon the oft-stated exception to the rules and principles of res judicata and estoppel by judgment to the effect that neither res judicata nor estoppel by judgment shall apply to an issue which could not have been litigated in the previously pending case because the matter in issue exceeded or was beyond the jurisdiction of the court in which the earlier case was pending, and particularly where the right to litigate the matter in another court of competent jurisdiction was expressly reserved. Defendant in error contends that notwithstanding the jurisdictional limitations upon the court in which the matters were earlier tried and decided, the principles of res judicata and estoppel by judgment fully apply when later asserted in a court of competent jurisdiction against the party who otherwise would have been bound by the judgment of the court of limited jurisdiction.

Under the particular facts and circumstances in this case, there is much to be said and much can be argued supporting each side of the controversy. It would seem not to be questionable that in this jurisdiction res judicata and estoppel by judgment will not apply so as to be conclusive against a party who was forced to litigate the questions involved in a court of limited jurisdiction where the claims and demands of such party, legally assertable and asserted, could not be litigated. In truth, this Court has previously held that the statutes of this State are not in all cases mandatory to require the assertion of a counterclaim or cross-petition but that the only requirement in such cases of non-compulsory counterclaim is that if cross-petition or counterclaim be not asserted, the party in whose favor it exists cannot recover costs in a subsequent action based upon the facts upon which a cross-petition or counterclaim might have been filed or asserted. See Meyer v. Vance, Okl., 406 P.2d 996, citing 12 O.S.1961, §§ 272, 275, 298. Surely, normally, one which properly presented a claim in excess of the court's jurisdiction would be a non-compulsory counterclaim. If that were all that is involved in this case a reversal of this case would be mandatory, but that is not all.

The exception which has been engrafted upon the rules and principles of res judicata and estoppel by judgment has been and is based upon the necessity that a party shall have a forum of competent jurisdiction within which to litigate his claim to its full extent, and to guard against injustice and unfairness which would result from a "race to the courthouse" and the deliberate choice by one party or another of a forum with limited jurisdiction in order to deprive the other party of his full day in court. But the situation here does not seem to call for the application of the exception to the rule, for without doubt the plaintiff in error, Nota Johnson, had properly secured for herself a forum of unlimited jurisdiction for the complete trial of her claim when her counsel had brought about the first transfer of the entire cause to the District Court of Tulsa County for trial and completion. It was by her sole and separate choice and voluntary action that she relinquished this opportunity and brought about the re-transfer of the cause to the Court of Common Pleas of Tulsa County. Though it is true that she subsequently properly secured leave to re-assert her claim in excess of the jurisdiction of the Court of Common Pleas and secured the re-transfer of her cross-petition to the District Court of Tulsa County, Oklahoma, she did not thereby secure for herself a re-transfer of the issues necessarily involved in a trial before the Common Pleas Court.

The essential query then is: Should the rules of res judicata and estoppel by judgment apply with full force to subsequent proceedings in the District Court of Tulsa

County involving only her cross-petition or should the aforesaid exception to the general rules of res judicata and estoppel by judgment save her from their application? This is the ultimate question and one difficult of solution. The brief of the plaintiff in error presents and deals only with authorities and cases where the exception clearly applies. 50 C.J.S. Judgments § 731, p. 222; Terwilleger v. Bull, 155 Okl. 294, 9 P.2d 45; Annotation, 83 A.L.R.2d 977–982; Centennial Flouring Mills Co. v. Schneider, 16 Wash.2d 159, 132 P.2d 995; State ex rel. Alaska Pac. Nav. Co. v. Superior Court, 113 Wash. 439, 194 P. 412, 414. The brief of the defendants in error deals only with authorities announcing and supporting the general rules of res judicata and estoppel by judgment, which are unquestionably sound and must be applied where applicable. Among them are: Runyan v. City of Henryetta, Okl., 321 P.2d 689; Harding v. Taylor, Okl., 272 P.2d 443; McKee v. Producers' and Refiners' Corp., 170 Okl. 559, 41 P.2d 466; Callahan v. Graves, 37 Okl. 503, 132 P. 474, 46 L.R.A.,N.S., 350; Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790; Wilkey v. Southwestern Greyhound Lines, Okl., 322 P.2d 1058; Bruce v. Miller, Okl., 360 P.2d 508; Boy Scouts of America, Inc. v. Thompson, Okl., 380 P.2d 705. Neither party has argued the effect of the particular circumstance in this case that the entire cause was once in the District Court and that Nota Johnson voluntarily brought about its transfer to the Court of Common Pleas, as above outlined.

█ It is our view and we, therefore, decide that plaintiff in error, having had a full opportunity to litigate the subject matter of her cross-petition and all the matters involved in connection with it in a court of competent and unlimited jurisdiction and having voluntarily relinquished this opportunity, could not thereafter rely upon the above stated exception to the rules of res judicata and estoppel by judgment. Kibby v. Binion, 70 Okl. 96, 172 P. 1091; New Cache La Poudre Irrigating Co. v. Water Supply & Storage Co., 74 Colo. 1, 218 P. 739. As said by the Supreme Court in Hendrickson v. Hinckley, 58 U.S. (17 How.) 443, 15 L.Ed. 123:

"The question is not merely whether he now has a legal remedy but whether he had one and waived it."

█ This voluntary relinquishment of the full, free and unlimited opportunity to litigate her cause of action in a court of unquestioned jurisdiction for the express purpose of permitting transfer of the cause, including her cause of action, to another court of limited jurisdiction constituted an election of remedies by which plaintiff in error is bound. 18 Am.Jur. Election of Remedies § 3, p. 129; Eagle-Picher Lead Co. v. Kirby, 109 Okl. 96, 235 P. 176; Vose v. Penny, 78 Okl. 238, 190 P. 97; Stafford v. McDougal, 171 Okl. 106, 42 P.2d 520; Assessment Bond Service, Inc. v. W. R. Johnston & Co., Okl., 296 P.2d 959; Axelrod v. Osage Oil & Refining Co., (CCA, Okl.) 29 F.2d 712, 729.

█ The verdict of the jury in the Court of Common Pleas having been necessarily rendered under instructions of that court submitting the issues of negligence, pro and con, to the jury, and the judgment of the Court of Common Pleas having been entered pursuant thereto finding the issue of negligence against plaintiff in error's principal, with whom she was surely in privity, and thus necessarily finding so against her agent, the plaintiff in error, the basic issue of negligence has been determined against plaintiff in error's principal and thus against plaintiff in error, the agent. Callahan v. Graves, 37 Okl. 503, 132 P. 474, 46 L.R.A.,N.S., 350; Cressler v. Brown, 79 Okl. 170, 192 P. 417; Garrison v. Bonham, 207 Okl. 599, 251 P.2d 790; Wilkey v. Southwestern Greyhound Lines, Okl., 322 P.2d 1058; 38 Am.Jur., Negligence, Sec. 375, p. 1098; Annotation, 133 A.L.R. 192, 196; Annotation, 23 A.L.R. 727, 731; Meyer v. Vance, Okl., 406 P.2d 996.

The judgment of the trial court is, therefore, affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, HODGES and LAVENDER, JJ., concur.

The Court acknowledges the services of John H. Cantrell, who with the aid and counsel of Marion Baker and Paul Brown, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Davison, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.